U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 6 2018

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CONNIE EDWARDS, §
 §
         Applicant, §
 §
VS. § NO. 4:18-CV-003-A
 §
JODY R. UPTON, WARDEN, §
 §
         Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Connie Edwards for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court, having considered the application, the response of respondent, Warden Jody R. Upton, the record, the reply,[2] and applicable authorities, finds that the application must be dismissed.

I.

Background

On October 31, 2012, applicant was named along with nine others in a 23-count third superseding indictment in the District

---

[1] The document filed by applicant reflects that it is a "petition" and that she is "petitioner." However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

[2] On March 5, 2018, the clerk filed a letter addressed to the undersigned, which the court is interpreting as applicant's reply. In it, applicant says that she has read the government's response and that the facts alleged are inaccurate. She fails to point out why she says that is so. The facts alleged by the government are supported by the appendix. The facts are within applicant's knowledge and there is no reason she could not have timely filed a more complete reply had she chosen to do so. Further, appointment of counsel, as sought by applicant, is not appropriate or required in a case like this one.

of Kansas charging her in count 1 with conspiracy to distribute and possess with intent to distribute controlled substances with death and serious bodily injuries resulting from the use of such substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(2) and 21 U.S.C. § 846; in count 2 with knowingly and intentionally distributing a mixture and substance containing hydrocodone, methadone, and carisoprodol with death and serious bodily injuries resulting from the use of such substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(2); in counts 3 and 4 with knowingly and intentionally distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); in counts 5, 15, and 17 with maintaining premises used for unlawfully storing, using, and distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1) and (a)(2); in count 20 with money laundering, in violation of 18 U.S.C. § 1956(h); in count 21 with possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); in count 22 with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and, in count 23 with conspiracy to intimidate a federal witness, in violation of 18 U.S.C. §§ 371 and 1512. Doc.[3] 9 at 1-23.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this action.

Applicant signed a petition to enter plea of guilty, Doc. 9 at 24-30, and a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), <u>id.</u> at 31-46, pleading guilty to count 1 of the third superseding indictment. In exchange, the government agreed to move to dismiss the remaining counts of the indictment, <u>id.</u> at 32, and not to file any additional charges against her arising out of the facts forming the basis for the indictment, <u>id.</u> at 41. The court accepted the plea agreement and imposed the agreed sentence of twenty-five years' incarceration. <u>Id.</u> at 47, 49.

Despite having waived the right to appeal and to collaterally attack the judgment, <u>id.</u> at 42, applicant filed a motion under 28 U.S.C. § 2255 to obtain relief "from an unconstitutional sentence . . . as discussed in <u>Alleyne v United States</u>, [570 U.S. 99 (2013)]." Doc. 9 at 54. By order signed June 17, 2015, the motion was denied. <u>Id.</u> at 80. She now seeks relief pursuant to § 2241 by way of the "savings clause" of § 2255(e).

II.

<u>Applicable Legal Standard</u>

A federal prisoner may challenge the legality of her detention under § 2241 if she falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

3

> entertained if it appears that the applicant has failed
> to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him
> relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255(e). Hence, the court may consider an application attacking a sentence under § 2241 "*if* the [applicant] establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)(emphasis in original).

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)(quoting Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999)). The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective so as to allow an applicant to invoke the savings clause of § 2255(e). Tolliver, 211 F.3d at 878. Instead, the savings clause applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the [applicant] may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the [applicant's] trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th

4

Cir. 2001). The first prong is generally considered the "actual innocence" requirement. Id.

When the applicant fails to make the stringent showing required to proceed under the savings clause, the court properly dismisses the motion. Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).

III.

Analysis

Applicant argues that she is able to meet the savings clause test. She is mistaken. The case upon which applicant relies, Burrage v. United States, 134 S. Ct. 881 (2014), was decided on January 27, 2014, before applicant filed her motion under § 2255. And, in fact, applicant relied on Burrage in support of her motion under § 2255. Doc. 9 at 62-64. That Burrage may not have been recognized at the time as being retroactively applicable did not foreclose litigation of the claim. Pearson v. Warden Canaan USP, 685 F. App'x 93, 95-96 (3d Cir. 2017). In any event, applicant has not shown that the claim was foreclosed by circuit precedent. Rather, she only cites to the district court opinion denying her motion under § 2255, Doc. 1 at 6, which in turn did not cite any Tenth Circuit cases for the proposition that Burrage was not retroactively applicable. Doc. 9 at 72-73.

Even assuming relief had been foreclosed at the time applicant filed her motion under § 2255, she has not shown that she is actually innocent of the crime for which she was convicted. In fact, applicant argues that "she may have been convicted of a nonexistent offense." Doc. 1 at 7 (emphasis added). And, she says that once the court orders evidence produced "it will likely be established" that the drugs she sold were not the "but for" cause of death as charged. Id. at 7-8.

The record establishes, as applicant admitted, that applicant conspired with others to distribute a mixture and substance containing oxycodone, hydrocodone, methadone, morphine, and methamphetamine. Doc. 9 at 24. And, in particular,

> William Thomas Powell purchased hydrocodone, methadone and carisoprodol from [applicant]. [P]rescription pills [had been taken] and crushed []into a powder which was sold to Powell as purported methamphetamine. . . . Later that evening Powell purchased prescription pills from [applicant]. . . . Powell then ingested the pills and injected the substance he believed to be methamphetamine intravenously. . . . Powell died as a result of polydrug toxicity. Toxicology confirmed the substances which were the cause of Powell's death were methadone, hydrocodone and carisoprodol.

Doc. 9 at 33. There is simply no basis for applicant to claim, as she now does, that the drugs she sold Powell were not the "but for" cause of his death.

Finally, as the government notes, Doc. 8 at 10, even if applicant was able to meet the test, she waived her right to

6

collaterally attack her conviction and sentence as part of her plea agreement. Doc. 9 at 42. An informed and voluntary waiver of post-conviction relief is effective. <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). The sentencing court has determined the waiver to be enforceable and further determined that applicant did not receive ineffective assistance of counsel. Doc. 9 at 74-80.

IV.

Order

The court ORDERS that applicant's motion be, and is hereby, dismissed.

SIGNED March 6, 2018.

_____
JOHN McBRYDE
United States District Judge